**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.G. Family Residence Trust dated December 21, 2012,<br><br>             Plaintiff,<br><br>v.<br><br>Steven V Chesney, et al.,<br><br>             Defendants. | No. CV-21-01994-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion to deny Defendants' jury trial demand. (Doc. 37 at 1.) Plaintiff contends Defendants' demand is untimely under Federal Rule of Civil Procedure 38 and is thus waived. (*Id.*) Defendants respond that Plaintiff raised a new basis for relief in its initial disclosure statement and asks the Court to deny Plaintiff's motion. (Doc. 41 at 2; 41-1 at 7–8.) The Court has considered the motions, pleadings, evidence, and relevant law, and will now grant Plaintiff's motion for the reasons explained below. (Doc. 37.)

**I.   BACKGROUND**

This lawsuit arises out of a canceled real estate contract. (Doc. 41 at 1–2.) In February 2020, Defendants agreed to buy a residential property from Plaintiff for $4.3 million. (*Id.*) The parties scheduled the close of escrow to occur on April 6, 2020, but Defendants chose not to close escrow. (Doc. 1 at 2 ¶ 10; Doc. 15 at 2 ¶ 10; Doc. 41 at 2.) Plaintiff filed its complaint on November 22, 2021, alleging claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. 1 at 1, 6.)

Defendants filed their answer on March 9, 2022. (Doc. 15.) Defendants did not include a demand for a jury trial in their answer or any other filing until June 29, 2022, when they filed an amended answer and a separate demand for a jury trial. (Doc. 34; Doc. 35.) Plaintiff now asks the Court to deny Defendants' jury trial demand because Defendants filed it beyond the deadline set in Federal Rule of Civil Procedure 38(b). (Doc. 37 at 3–4.) Defendants responded that "Plaintiff disclosed a new claim for damages in the form of 'significant lost opportunity investment money'" in its initial disclosure statement. (Doc. 41 at 2–3; Doc. 41-1 at 7–8.) In its reply, Plaintiff disputed Defendants' characterization and cited multiple paragraphs in its complaint that alleged lost opportunity damages. (Doc. 43 at 2–3.) Two of those paragraphs, 24 and 38, alleged Plaintiff's "damages include . . . significant lost opportunity investment money that would have been earned, if the Sale had closed on April 6, 2020." (Doc. 1 at 6–7.)

**II.     DISCUSSION**

The Seventh Amendment preserves the right to trial by jury in civil proceeding when the amount in controversy exceeds 20 dollars. U.S. Const. amend. VII. But this right is not automatic. *Gen. Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 195 (4th Cir. 1964). A party seeking a jury trial must make a written demand "no later than 14 days after the last pleading directed to the issue is served." Fed R. Civ. P. 38(b). The right to a jury trial is waived when a party fails to timely file and serve its demand. Fed. R. Civ. P. 38(d).

Defendants argue that Plaintiff alleged a "new claim for damages" in its initial disclosure statement. The Court disagrees. Plaintiff's complaint sets forth three bases for damages that Defendants acknowledge, but also seeks "lost opportunity investment money" damages. Defendants filed their original answer on March 9, 2022, denying Plaintiff's allegations that it suffered damages in the form of "lost opportunity investment money." The original answer is thus "the last pleading directed to the issue," and Defendants needed to demand a jury trial by March 23, 2022. Fed. R. Civ. P. 38(b)(1). Defendants did not assert a jury trial demand until about three months later—well past the two-week deadline set by Rule 38(b)(1). The Court notes that Defendants filed an amended

answer, which raised no new issues. *See Ward v. Brown*, 301 F.2d 445, 447 (10th Cir. 1962) (an amended answer that injects a new issue into the case may revive a party's ability to demand a jury trial). Given the untimeliness of their demand, Defendants waived their right to a jury trial.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Plaintiff's motion to deny Defendants' demand for a jury trial. (Doc. 37.)

**IT IS FURTHER ORDERED** denying defendants' Demand for Jury Trial (Doc. 35).

Dated this 25th day of August, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge